IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD B. GOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| JEFFREY SILER, DSN 229, Individually | ) | |
| and in his official capacity as an officer with | ) | |
| the St. Louis County Department of Justice | ) | |
| Services, | ) | |
| and | ) | |
| CRANSTON JONES, DSN 909, Individually | ) | |
| and in his official capacity as an officer with | ) | |
| the St. Louis County Department of Justice | ) | |
| Services, | ) | |
| and | ) | |
| JAMES LIVELY, Individually and in his | ) | |
| official capacity as an officer with the | ) | |
| St. Louis County Department of Justice | ) | |
| Services, | ) | |
| and | ) | |
| CHIARA ROBINSON, DSN 314, | ) | |
| Individually and in his official capacity as | ) | |
| an officer with the St. Louis County | ) | |
| Department of Justice Services, | ) | |
| and | ) | |
| ST. LOUIS COUNTY POLICE | ) | |
| DEPARTMENT | ) | |
| and | ) | |
| ST. LOUIS COUNTY DEPARTMENT OF | ) | |
| JUSTICE SERVICES | ) | |
| and | ) | |
| HERBERT BERNSEN, Individually and in | ) | |
| his official capacity as Director of the St. | ) | |
| Louis County Department of Justice Services, | ) | |
| | ) | |
| Defendants. | ) | |

<u>COMPLAINT</u>

Plaintiff Edward B. Gogan for his cause of action states:

<u>Parties</u>

1.      At all material times Plaintiff was a citizen and resident of the County of St. Louis, Missouri.

2.      At all material times, Defendant Jeffrey Siler, who wears St. Louis County Police Department badge number DSN 229, was an agent, servant, and employee of the St. Louis County Department of Justice Services. At all material times Siler was acting in such capacity and under the direction and control of the St. Louis County Police Department and the St. Louis County Department of Justice Services, and he was acting pursuant to an official policy or the custom and practice of the St. Louis County Department of Justice Services.

3.      At all material times, Defendant Cranston Jones, who wears St. Louis County Police Department badge number 909, was an agent, servant, and employee of the St. Louis County Department of Justice Services. At all material times Jones was acting in such capacity and under the direction and control of the St. Louis County Police Department and the St. Louis County Department of Justice Services, and he was acting pursuant to an official policy or the custom and practice of the St. Louis County Department of Justice Services.

4.      At all material times, Defendant James Lively, was an officer of the St. Louis County Police Department and was an agent, servant, and employee of the St.

Louis County Department of Justice Services. At all material times Lively was acting in such capacity and under the direction and control of the St. Louis County Police Department and the St. Louis County Department of Justice Services, and he was acting pursuant to an official policy or the custom and practice of the St. Louis County Department of Justice Services.

5.      At all material times, Defendant Chiara Robinson, who wears St. Louis County Police Department badge number DSN 314, was an agent, servant, and employee of the St. Louis County Department of Justice Services. At all material times Robinson was acting in such capacity and under the direction and control of the St. Louis County Police Department and the St. Louis County Department of Justice Services, and he was acting pursuant to an official policy or the custom and practice of the St. Louis County Department of Justice Services.

6.      Defendants Siler, Jones, Lively, and Robinson are collectively referred to as the "Defendant Officers."

7.      Defendant St. Louis County Department of Justice Services is responsible for the management, operation, and security of the St. Louis County Justice Center.

8.      At all material times, Defendant Herbert Bernsen was the Director of the St. Louis County Department of Justice Services.

9.      The St. Louis County Police Department operates pursuant to the St. Louis County Charter and is responsible for hiring, training, and supervising St. Louis County police officers.

-3-

10.     Defendants St. Louis County Police Department, St. Louis County Department of Justice Services, and Bernsen are collectively referred to as the "St. Louis County Defendants."

11.     Plaintiff sues Siler, Jones, Lively, Robinson, and Bernsen in both their individual and official capacities.

## Jurisdiction and Venue

12.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. The Court has original jurisdiction of this action under 28 U.S.C. §§ 1343 and 1331. Supplement jurisdiction is proper over the state law claims pursuant to 28 U.S.C. § 1367, as the state law claims arose under the same case and controversy as the predominant federal claims.

13.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as all events giving rise to this action occurred in the Eastern District of Missouri, Eastern Division.

## Facts

14.     During the early morning hours of March 20, 2012, Plaintiff was stopped by a Clayton police officer (the "Clayton officer") while Plaintiff was walking home to his nearby apartment in University City.

15.     Upon discovering that Plaintiff had an outstanding non-violent arrest warrant from Jefferson County, the Clayton officer arrested Plaintiff without incident. Plaintiff has never been charged with any crime relating to the stop by the Clayton officer.

16.     The Clayton officer handcuffed Plaintiff behind his back, put Plaintiff in his police cruiser, and transported him to the St. Louis County Justice Center (the "Justice Center") to be processed and transferred to Jefferson County.

17.     Plaintiff was taken to the booking area of the Justice Center while still in handcuffs. Plaintiff waited in the booking area for Gerard Kearney, the Justice Center nurse on duty, to inspect him and determine if he was "fit for confinement."

18.     Prior to being inspected by Kearney, Siler began to change the Plaintiff's handcuffs from the Clayton officer's handcuffs to the Justice Center's handcuffs. This process was to be completed by placing the Justice Center's handcuffs on Plaintiff before removing the Clayton officer's handcuffs, so that Plaintiff would be restrained at all times.

19.     While Siler was changing Plaintiff's handcuffs, Siler and/or another Defendant Officer forcefully and continuously struck Plaintiff on his head. Plaintiff was subsequently severely and brutally beaten by the Defendant Officers, including repeated blows to the Plaintiff's head, ear, neck, shoulder, torso, and legs, causing severe damage to those areas.

20.     During the beating and while Plaintiff remained handcuffed behind his back, the Defendant Officers forcibly threw Plaintiff to the ground and continued to brutalize him. After Plaintiff was thrown face down on the floor, one or more of the Defendant Officers forcefully jammed his knees into Plaintiff's back, which remained there for an extended period of time, while the other Defendant Officers continued to beat Plaintiff.

21.     Throughout the entire beating, Plaintiff was restrained by at least one set of handcuffs with his hands behind his back.

22.     Plaintiff posed no threat to the Defendant Officers or anyone else around him. He was lying on his stomach in a defenseless position for almost the entire beating.

23.     Plaintiff never resisted arrest, assaulted the Defendant Officers or anyone around him, obstructed justice, or did anything else prior to or during the incident that would possibly justify such a savage beating.

24.     Plaintiff was not accused of or charged with resisting arrest, assault and/or battery of a police officer, or obstructing justice as a result of the incident.

25.     Shortly after the beating, Kearney entered the booking room to inspect Plaintiff. Kearney saw blood pouring from Plaintiff's left ear and mouth and immediately ordered that Plaintiff be taken to the hospital.

26.     Emergency Medical Services soon arrived to bring Plaintiff to St. Mary's Hospital. To further the illusion that Plaintiff was a danger to others, the Defendant Officers shackled Plaintiff around his ankles and strapped him to a gurney, despite the fact that Plaintiff was completely incapacitated and in excruciating pain from the beating. Several Justice Center guards accompanied Plaintiff to St. Mary's.

27.     Upon arriving at St. Mary's Emergency Room, physician Jane Fansler recognized that Plaintiff posed no threat to others and needed immediate emergency treatment. She then asked the Justice Center officers to remove the straps securing Plaintiff to the gurney so that she could examine and treat him. Initially, the guards

-6-

refused to do so. It was only when Dr. Fansler made it clear that she could not treat Plaintiff while he was strapped to the gurney that the guards reluctantly released him for medical treatment.

28.     Plaintiff was diagnosed with a "large pneumothorax," or collapsed lung. It was so severe that Dr. Fansler had to perform an emergency chest tube procedure on Plaintiff in the Emergency Room.

29.     After being admitted to the hospital, a lieutenant from the St. Louis County Police Department visited Plaintiff. The lieutenant informed Plaintiff that no charges resulting from the incident would be filed against him. Nothing was said about charges against the Defendant Officers.

30.     Plaintiff spent three days in St. Mary's Intensive Care Unit and three additional days as an inpatient at St. Mary's Hospital to treat his collapsed lung and multiple broken ribs. After a six-day hospital stay, Plaintiff was released from St. Mary's on March 26, 2012. Due to the severity of the injuries to Plaintiff's chest and lungs, Plaintiff was sent home with an oxygen tank and instructed to use the tank for at least thirty days.

31.     Plaintiff accrued approximately $35,000 in reasonable and necessary medical bills from St. Mary's Hospital, which he has been unable to pay.

32.     After his release from the hospital, Plaintiff was bedridden and in severe pain for over a week, unable to leave his residence. Plaintiff's debilitating and painful condition prevented him from working for months after the beating. As a result, he subsequently lost his job. Unable to pay his rent, he was evicted from his residence and

spent several months homeless. Due to his injuries, Plaintiff was unable to find employment from the beating until June 2013, causing a substantial loss of income.

33.     As a direct and proximate result of the beating, Plaintiff has sustained the following serious, painful, and permanent injuries: a collapsed lung, two broken ribs, a "traumatic perforation" of the left ear canal, and severe bruising to the neck, shoulders, and chest. Plaintiff continues to suffer from chronic neck and shoulder pain, frequent headaches, tinnitus in the left ear, nerve damage to his chest, sleeplessness, impaired balance, and severely diminished lung capacity.

34.     The beating has severely impacted Plaintiff's quality of life. Plaintiff is unable to work at his previously accustomed level, sleep without medication, physically exert himself to his previously accustomed level, and is apprehensive and fearful of police officers since the beating.

35.     The Defendant Officers were on official duty on March 20, 2012 at all material times during the beating, and all Defendant Officers were present while Plaintiff was beaten. Any Defendant Officers who did not directly participate in the beating refused to intervene to stop this senseless and merciless attack on Plaintiff when he had the opportunity to do so.

36.     The Defendant Officers beat the Plaintiff while on the premises of their employer, the St. Louis County Police Department and the St. Louis County Department of Justice Services.

## CAUSES OF ACTION

### COUNT I
EXCESSIVE FORCE USED BY DEFENDANTS SILER, JONES, LIVELY, AND
ROBINSON IN VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER THE
FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED
STATES CONSTITUTION PURSUANT TO 42 § 1983

37.     Plaintiff realleges the allegations in paragraphs 1 through 36 which are restated in full.

38.     The Defendant Officers, acting alone or together, brutally and maliciously beat Plaintiff by repeatedly striking him in the head, neck, shoulder, torso, and legs, even though Plaintiff was restrained the entire time and was lying face-down for a significant portion of the beating.

39.     By subjecting Plaintiff to an excessive amount of force, the Defendant Officers unconstitutionally deprived him of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and deprived him of his substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

40.     The Defendant Officers' use of force was blatantly unreasonable under the circumstances; Plaintiff was arrested and being processed for disposition of an outstanding non-violent warrant and was not committing any crime while in the Justice Center, Plaintiff was handcuffed with his hands behind his back and posed no threat to the safety of the Defendant Officers or others, and was not actively resisting arrest or attempting to evade arrest by flight. At all material times, Plaintiff was in the custody of the St. Louis County Police Department.

41.     The Defendant Officers' brutal and violent misconduct further violated Plaintiff's constitutional right to be free from excessive force for the following reasons:

      a.      There was no need for the force inflicted upon Plaintiff, as he was restrained, not resisting arrest, and posing no threat to the Defendant Officers or anyone else;

      b.      The force inflicted upon Plaintiff was extremely disproportionate to any need for it;

      c.      Plaintiff suffered severe and permanent injuries as a result of the Defendant Officers' brutal and outrageous misconduct; and

      d.      The Defendant Officers' brutal and outrageous use of force was not applied to maintain or restore discipline but was instead applied maliciously, willfully, and sadistically for the sole purpose of causing Plaintiff permanent harm and humiliation.

42.     Even if any of the individual Defendant Officers did not directly participate in the beating, they were all present and failed to prevent the acts of the other Defendant Officers when they were in a position to intervene and had the opportunity to do so, and have therefore violated Plaintiff's constitutional rights to the same extent as the other Defendant Officers.

43.     All of the Defendant Officers were persons acting under the color of the statutes, ordinances, regulations, decisions, and customs of the State of Missouri, St. Louis County, St. Louis County Police Department, and the St. Louis County Department of Justice Services.

44.     Plaintiff's right to be free from excessive force clearly existed at the time of the beating, and any reasonable official would understand that the Defendant Officers' conduct was unlawful.

45.     As a direct and proximate result of the Defendant Officers' brutal and outrageous conduct, Plaintiff suffered numerous severe and permanent injuries including, but not limited to, a collapsed lung, multiple broken ribs, blunt force trauma to his head, neck, shoulder, and torso, lacerations to his ear canal, severe bruising, chronic pain in his neck and shoulder, tinnitus and ringing in his left ear, headaches, sleeplessness, nerve damage, and severely diminished lung capacity.

46.     As a direct and proximate result of the Defendant Officers' brutal and outrageous conduct, Plaintiff suffered special damages including, but not limited to, medical bills, lost wages, a diminished future earning capacity, pain and suffering, embarrassment, humiliation, fear and apprehension of police officers, and future medical expenses which have yet to be determined.

47.     The Defendant Officers' malicious, willful, and outrageous misconduct was in reckless disregard for the rights of Plaintiff, entitling Plaintiff to an award of punitive damages of at least $1,000,000 from each Defendant.

48.     If Plaintiff prevails, he is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff moves that the Court enter judgment for Plaintiff against Defendants, jointly and severally, for actual damages, the exact amount of which will be proven at trial, plus prejudgment and postjudgment interest, punitive

damages of at least $1,000,000 against each Defendant, attorneys' fees and whatever additional relief that the Court deems appropriate.

COUNT II
UNCONSTITUTIONAL POLICIES, CUSTOMS, AND PRACTICES BY
DEFENDANTS ST. LOUIS COUNTY POLICE DEPARTMENT, ST. LOUIS
COUNTY DEPARTMENT OF JUSTICE SERVICES, AND HERBERT BERNSEN
IN VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER THE FOURTH,
FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION PURSUANT TO 42 § 1983

49.     Plaintiff realleges the allegations in paragraphs 1 through 48 which are restated in full.

50.     Defendants St. Louis County Police Department and the St. Louis County Department of Justice Services are responsible for hiring, training, and supervising St. Louis County police officers, specifically the Defendant Officers.

51.     At all material times, Herbert Bernsen was the Director of the St. Louis County Department of Justice Services and responsible for hiring, training and supervising police officers within the St. Louis County Department of Justice Services, specifically the Defendant Officers.

52.     The St. Louis County Defendants are "persons" under 42 U.S.C. § 1983 and establish and implement policies, practices, and customs under the color of the laws of the State of Missouri.

53.     The St. Louis County Defendants maintain a policy, practice, and custom of encouraging excessive force upon arrestees and detainees, including Plaintiff.

54.     The St. Louis County Defendants have failed to properly train and supervise officers on the proper circumstances and use of excessive force, and that

failure to train and supervise resulted in the Defendant Officers violating Plaintiff's constitutional rights.

55.     The failure of the St. Louis County Defendants to properly train and supervise their police officers constituted a deliberate indifference to the rights of its citizens, including Plaintiff.

56.     The unconstitutional policy, practice, and custom was a moving force behind the Defendant Officers' infliction of an extreme amount of excessive force upon Plaintiff by brutally and maliciously assaulting and beating him.

57.     As a direct and proximate result of the St. Louis County Defendants' unconstitutional policy, practice, and custom and the Defendant Officers' brutal and outrageous conduct, Plaintiff suffered numerous severe and permanent injuries including, but not limited to, a collapsed lung, multiple broken ribs, blunt force trauma to his head, neck, shoulder, and torso, lacerations to his ear canal, severe bruising, chronic pain in his neck and shoulder, tinnitus and ringing in his left ear, headaches, sleeplessness, nerve damage, and severely diminished lung capacity.

58.     As a direct and proximate result of the St. Louis County Defendants' unconstitutional policy, practice, and custom and the Defendant Officers' brutal and outrageous conduct, Plaintiff suffered special damages including, but not limited to, medical bills, lost wages, a diminished future earning capacity, pain and suffering, embarrassment, humiliation, fear and apprehension of police officers, and future medical expenses which have yet to be determined.

59.    The St. Louis County Defendants' malicious, willful, and outrageous misconduct was in reckless disregard for the rights of Plaintiff, entitling Plaintiff to an award of punitive damages of at least $1,000,000 from each Defendant.

60.    If Plaintiff prevails, he is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff moves that the Court enter judgment for Plaintiff against Defendants, jointly and severally, for actual damages, the exact amount of which will be proven at trial, plus prejudgment and postjudgment interest, punitive damages of at least $1,000,000 against each Defendant, attorneys' fees and whatever additional relief that the Court deems appropriate.

<u>COUNT III</u>
ASSAULT AND BATTERY AGAINST DEFENDANTS SILER, JONES, LIVELY, ROBINSON, ST. LOUIS COUNTY POLICE DEPARTMENT, AND ST. LOUIS COUNTY DEPARTMENT OF JUSTICE SERVICES

61.    Plaintiff realleges the allegations in paragraphs 1 through 60 which are restated in full.

62.    The Defendant Officers intended to cause Plaintiff bodily harm and offensive contact.

63.    By repeatedly and deliberately striking Plaintiff, the Defendant Officers effectuated an intentional and offensive bodily contact with the Plaintiff, causing Plaintiff bodily harm.

64.    The Defendant Officers' conduct caused Plaintiff to be in apprehension of bodily harm and offensive conduct and caused Plaintiff to be fearful for his life.

-14-

65.    At all material times the Defendant Officers were agents, servants, and employees of Defendants St. Louis County Police Department and the St. Louis County Department of Justice Services.

66.    The Defendant Officers' brutal and outrageous misconduct was done in the course and scope of their employment as police officers with the St. Louis County Police Department and the St. Louis County Department of Justice Services.

67.    The Defendant Officers' brutal and outrageous misconduct naturally arose during the performance of their employment for the St. Louis County Police Department and the St. Louis County Department of Justice Services, and was done in furtherance of the unconstitutional policy, custom, and/or practices of the St. Louis County Police Department and the St. Louis County Department of Justice Services. Therefore, Defendants St. Louis County Police Department and the St. Louis County Department of Justice Services are liable for the misconduct of the Defendant Officers.

68.    As a direct and proximate result of the Defendant Officers' brutal and outrageous conduct, Plaintiff suffered numerous severe and permanent injuries including, but not limited to, a collapsed lung, multiple broken ribs, blunt force trauma to his head, neck, shoulder, and torso, lacerations to his ear canal, severe bruising, chronic pain in his neck and shoulder, tinnitus and ringing in his left ear, headaches, sleeplessness, nerve damage, and severely diminished lung capacity.

69.    As a direct and proximate result of the Defendant Officers' brutal and outrageous conduct, Plaintiff suffered special damages including, but not limited to, medical bills, lost wages, a diminished future earning capacity, pain and suffering,

embarrassment, humiliation, fear and apprehension of police officers, and future medical expenses which have yet to be determined.

70.     The Defendant Officers' malicious, willful, and outrageous misconduct was in reckless disregard for the rights of Plaintiff, entitling Plaintiff to an award of punitive damages of at least $1,000,000 from each Defendant.

WHEREFORE, Plaintiff moves that the Court enter judgment for Plaintiff against Defendants, jointly and severally, for actual damages, the exact amount of which will be proven at trial, plus prejudgment and postjudgment interest, punitive damages of at least $1,000,000 against each Defendant, attorneys' fees and whatever additional relief that the Court deems appropriate.

COUNT IV<br>NEGLIGENT TRAINING AND SUPERVISION BY THE ST. LOUIS COUNTY<br>POLICE DEPARTMENT, THE ST. LOUIS COUNTY DEPARTMENT OF<br>JUSTICE SERVICES, AND HERBERT BERNSEN

71.     Plaintiff realleges the allegations in paragraph 1 through 70 which are restated in full.

72.     At all material times, the Defendant Officers were employees of the St. Louis County Department of Justice Services and the St. Louis County Police Department.

73.     At all material times, Defendant Bernsen was the Director of the St. Louis County Department of Justice Services and responsible for overseeing the training and supervision of St. Louis County police officers within the St. Louis County Department of Justice Services, including the Defendant Officers.

-16-

74.    The St. Louis County Defendants owed a duty to Plaintiff, an individual within the geographical limits of St. Louis County, to properly train and supervise its agents, servants, and employees, specifically the Defendant Officers, in exercising their police functions.

75.    The St. Louis County Defendants breached that duty by negligently failing to properly train and supervise its employees, specifically the Defendant Officers, in the following ways:

      a.    Failing to properly train the Defendant Officers on the proper circumstances to apply physical force;

      b.    Failing to properly train the Defendant Officers on the appropriate amount and proportion of physical force; and

      c.    Failing to properly supervise the Defendant Officers during their use of physical force on Plaintiff.

76.    As a direct and proximate result of the Defendant Officers' brutal and outrageous conduct, Plaintiff suffered numerous severe and permanent injuries including, but not limited to, a collapsed lung, multiple broken ribs, blunt force trauma to his head, neck, shoulder, and torso, lacerations to his ear canal, severe bruising, chronic pain in his neck and shoulder, tinnitus and ringing in his left ear, headaches, sleeplessness, nerve damage, and severely diminished lung capacity.

77.    As a direct and proximate result of the Defendant Officers' brutal and outrageous conduct, Plaintiff suffered special damages including, but not limited to, medical bills, lost wages, a diminished future earning capacity, pain and suffering,

-17-

embarrassment, humiliation, fear and apprehension of police officers, and future medical expenses which have yet to be determined.

78.     The St. Louis County Defendants' malicious, willful, and outrageous conduct was in reckless disregard for the rights of Plaintiff, entitling Plaintiff to an award of punitive damages of at least $1,000,000 from each Defendant.

WHEREFORE, Plaintiff moves that the Court enter judgment for Plaintiff against Defendants, jointly and severally, for actual damages, the exact amount of which will be proven at trial, plus prejudgment and postjudgment interest, punitive damages of at least $1,000,000 against each Defendant, attorneys' fees and whatever additional relief that the Court deems appropriate.

Plaintiff demands trial by jury.

Respectfully Submitted,

GREEN JACOBSON, P.C.

By: /s/ Martin M. Green
    Martin M. Green  MO #16465
    Matthew B. Vianello  MO #63303
    Attorney for Plaintiff
    7733 Forsyth Blvd., Suite 700
    Clayton, Missouri 63105
    Phone: 314-862-6800
    Fax: 314-862-1606
    green@stlouislaw.com
    vianello@stlouislaw.com