# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDWARD B. GOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV1902 RLW |
| | ) |
| JEFFREY SILER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF DISMISSAL

This matter is before the Court on Defendants' Motion to Dismiss for Failure to Comply with this Court's Order Relating to Trial (ECF No. 99) and Renewed Motion to Dismiss for Failure to Comply with this Court's Order Relating to Trial and Failure to Appear at Pretrial Conference. (ECF No. 114) This case is set for trial on February 5, 2018. The Court scheduled the pretrial conference for January 31, 2018 at 2:00 p.m. Counsel for the Defendants, Michael Hughes and Lacey Smith, appeared at the hearing; counsel for Plaintiff, Martin Green, did not appear. At the hearing, defense counsel Mr. Hughes stated on the record that he received a phone call from Mr. Green's legal assistant around 1:00 p.m. on January 31, 2018, an hour before the scheduled hearing, informing counsel that Mr. Green was going to the hospital.[1] Mr. Hughes renewed Defendants' motion to dismiss on the basis that Defendants and defense counsel had expended substantial time and effort to prepare and appear for the upcoming trial.

The Court notes that this case has been pending for over 3 years, and the underlying events in the First Amended Complaint occurred in March 2012. Extensive discovery was conducted, and Plaintiff's claims survived Defendants' motion for summary judgment. The case

---

[1] The Court notes that chambers received a similar phone call sometime after 12:30 p.m.

was reassigned to this Court in July 2017 upon the retirement of United States District Judge Carol E. Jackson. On August 9, 2017, the Court held a status conference during which time the parties agreed to ADR. (ECF No. 74) The parties requested additional time for ADR but on October 25, 2017, the neutral reported that the parties did not achieve a settlement. (ECF No. 81) On November 7, 2017, the Court issued an Order Relating to Trial, scheduling the case for a jury trial on February 5, 2018 and setting forth the deadlines for pretrial compliance. (ECF No. 82) The Court explicitly stated that "[f]ailure to comply with any part of this order may result in the imposition of sanctions." (*Id.* at p. 2) The Court also set the case for a pretrial conference on January 31, 2018 at 2:00 p.m. (ECF No. 83)

Two months later, Mr. Green filed a motion to continue the trial setting for 90 days, which the Court denied. (ECF Nos. 84, 85) Mr. Green then filed a motion for extension of time to submit pretrial materials, which the Court granted. (ECF Nos. 86, 87) On the extended day that the pretrial materials were due, Mr. Green's assistant informed the Court that the building was experiencing a power outage. On the Court's own motion the Court gave Plaintiff yet another extension of time to submit pretrial materials, to and including January 22, 2018 at noon. (ECF No. 88) However, counsel for Plaintiff did not timely submit his pretrial materials, and on January 23, 2018, counsel for Defendants filed a Motion to Dismiss for Failure to Comply with this Court's Order Relating to Trial, arguing that Plaintiff's counsel had not communicated with defense counsel regarding the delay in filing the pretrial materials and that Defendants were prejudiced by Plaintiff's failure to comply with the trial order and with various extensions of time. (ECF No. 99) Mr. Green then filed a motion for extension of time to submit pretrial materials, citing the power outage and the flu as the reasons for his delay in filing. (ECF No. 100) Mr. Green further stated that he was again able to work on January 23, 2018, the date of the

2

motion. (*Id.*) The Court held the motion to dismiss in abeyance pending the timely submission of all pretrial materials and granted Plaintiff's motion for additional time. (ECF No. 101) The Court notes that Mr. Green did file Plaintiff's pretrial materials; however, Mr. Green's absence from the pretrial conference rendered it impossible for Defendant's counsel Mr. Hughes and the Court to address Defendant's motions in limine and objections to Plaintiff's pretrial materials.

During the hearing on January 31, 2018, Mr. Hughes renewed Defendants' motion to dismiss and added that Mr. Green's failure to appear at the pretrial conference would affect the trial setting and greatly prejudice Defendants, who have made arrangements to accommodate the trial setting, including travel arrangements and schedule changes with employers. (ECF No. 115, p.4) In addition, defense witnesses made schedule changes to be available for trial on February 5, 2018. Upon review of the motions, the Court will grant Defendants' Motions to Dismiss. The procedural history of this case shows that both Judge Jackson and this Court have been generous in continuing trial settings and granting extensions of time. With respect to pretrial in this case, the Court gave Plaintiff's counsel extensions of time to submit pretrial materials without a proper motion and after the time had expired. However, Plaintiff has failed to fully comply with the Court's orders, and the Court thus finds that dismissal is proper. Fed.R.Civ.P. 41(b). Plaintiff has the responsibility of prosecuting his case, and the Court further finds that the numerous delays and excuses have been prejudicial to the Defendants and have impeded the ability of the Court to expeditiously resolve this case. *Snelling v. HSBC Card Servs., Inc.*, No. 4:14CV431 CDP, 2015 WL 3621091, at *3 (E.D. Mo. June 9, 2015).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure to Comply with this Court's Order Relating to Trial and Renewed Motion to Dismiss for Failure to Comply

3

with this Court's Order Relating to Trial and Failure to Appear at Pretrial Conference (ECF Nos. 99, 114) are **GRANTED.**

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED** without prejudice.

Dated this 31st day of January, 2018.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**